```
FILED
CLERK
4/28/2015 3:22 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARYLE D. MCCLENIC, #14007244,

                Plaintiff,

      -against-

MR. JOHN SHMETTAN, MR. JOSEPH ALBERGO,
NASSAU COUNTY POLICE DEPARTMENT,
NASSAU COUNTY CORRECTIONAL CENTER,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-00705(SJF)(SIL)

FEUERSTEIN, District Judge:

I.     Introduction

On February 9, 2015, incarcerated *pro se* plaintiff Daryle D. McClenic ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against John Shmettan ("Shmettan"), Joseph Albergo ("Albergo"), the Nassau County Police Department ("the Police Department"), and the Nassau County Correctional Center ("the Jail") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, see 28 U.S.C. §§ 1914(a); 1915(a)(1), plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

II.     Background[1]

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in

In the complaint, plaintiff alleges:

> "On August 29, 2012 I was arrested on charge of criminal possession of a weapon 2nd degree P.L. 265.03 Class C Felony in regards to a chase on Nassau Rd. & Arthur St. in Uniondale N.Y. on the date of August 24, 2012. I was aquitted by jury of this charge on April 29, 2013. While the weapon that said I was in possession of on Aug. 24, 2012 wasn't retreived until August 27, 2012 at approximately 7:00 p.m. - 7:30 p.m."

(Compl. ¶ IV).[2] Plaintiff claims the following injuries as a result of this incident: "mental health treatment[,] bypolar [sic] disorder, [and] post depression," (*id*. ¶ IV.A), and seeks to recover damages in an unspecified amount as "reimburstment [sic] of [his] time incarcerated at NCCC Aug. 29, 2012 - April 29, 2013[;]" for receiving "a parole violation because of police contact regarding this case which cause[d] [him] to max out as of Feb. 26, 2013[;]" and for emotional distress. (*Id*. at ¶ V).

III. Discussion

    A.    Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

---

the complaint as true), and do not constitute findings of fact by the Court.

    [2]Excerpts from plaintiff's complaint are reproduced here exactly as they appear in the complaint. Errors in spelling, grammar and punctuation have not been corrected or noted.

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937); accord Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013), cert. denied, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014).

B.  Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." See, e.g., Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

### 1.      Claims against the Jail and Police Department

"'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" Garcia v. Dutchess Cnty., 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); see also Robischung-Walsh v. Nassau Cnty. Police Dep't, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), aff'd, 421 F. App'x 38 (2d Cir. 2011). Since the Jail and Police Department are administrative arms of the County of Nassau ("the County"), they lack the capacity to be sued. See, e.g. Jones v. Nassau County Corr. Inst., Nos. 14-cv-1217, 14-cv-1562, 2014 WL 1277908, at * 4 (E.D.N.Y. Mar. 26, 2014) (holding that the Nassau County Jail is merely an administrative arm of the County of Nassau and "lack[s] any independent legal identity apart from Nassau County"); Rose v. County of Nassau, 904 F. Supp.2d

244, 247 (E.D.N.Y. 2012) (dismissing claims against the Nassau County Police Deparmtent because it is a non-suable entity); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) (holding that the NCCC "is an 'administrative arm[]' of * * * the County of Nassau, and thus lacks the capacity to be sued as a separate entity" (brackets in original)). Accordingly, plaintiff's claims against the Jail and Police Department are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. However, since plaintiff is proceeding *pro se,* his Section 1983 claims against the Jail and Police Department are construed as being brought against the County.

2. Municipal Liability

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012), cert. denied, 134 S. Ct. 125, 187 L. Ed. 2d 255 (2013); accord Matusick v. Erie Co. Water Auth., 757 F.3d 31, 62 (2d Cir. 2014). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Jones, 691 F.3d at 80; see also Connick v. Thompson, — U.S. —, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 562 U.S. 29, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To

prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, — U.S. —, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 562 U.S. 29, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, — U.S. —, 131 S.Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" Connick, — U.S. —, 131 S. Ct. at 1360 (quotations and citation omitted), and "requires a showing that the official made a conscious choice, and was not merely

6

negligent." Jones, 691 F.3d at 81; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) ("[T]he mere assertion that a municipality has * * * a custom or policy is insufficient [to withstand dismissal] in the absence of allegations of fact tending to support, at least circumstantially, such an inference * * *." (quotations, alterations and citation omitted)); accord Zherka v. City of New York, 459 F. App'x 10, 12 (2d Cir. Jan. 19, 2012) (summary order). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); accord Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).

The complaint is devoid of any factual allegations from which it may reasonably be inferred that a municipal policy or custom caused the conduct of which plaintiff complains. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which is officially endorsed by the County, the Police Department or the Jail; (2) actions taken or decisions made by County, Police Department or Jail policymaking officials which caused the alleged violation of his civil rights; (3) a County, Police Department or Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County, Police Department or Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Since the complaint fails to state a plausible Section 1983 claim against the County, plaintiff's Section 1983 claims as construed to be against the County are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before June 1, 2015,** plaintiff files an amended complaint re-

7

pleading his Section 1983 claims against the County to correct the deficiencies set forth herein.

          3.      Individual Defendants

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. See Raspardo v. Carlone, 770 F.3d 97, 115, 116 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant. * * * § 1983 requires individual, personalized liability on the part of each government defendant."); Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations and citation omitted)). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, i.e., that the supervisory official "commit[ted] the acts personally" or "authorize[d], order[ed], or help[ed] others to do the unlawful acts," Terebesi v. Torreso, 764 F.3d 217, 234 (2d Cir. 2014), cert. denied, 2015 WL 1757185 (Apr. 20, 2015), or by evidence of the supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). "In addition to satisfying one of th[o]se requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." Raspardo, 770 F.3d at 116. "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of

personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011).

Plaintiff has not identified who Mr. Shmettan or Mr. Albergo are; nor has he alleged the direct participation of either of those individuals in any violation of his constitutional rights or any basis upon which to find them liable in a supervisory capacity. Indeed, although plaintiff names Mr. Shmettan and Mr. Albergo as defendants in the caption of his complaint, he does not mention them anywhere in the body of the complaint. Since the complaint fails to state a plausible Section 1983 claim against Mr. Shmettan and Mr. Albergo, plaintiff's Section 1983 claims against them are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before June 1, 2015,** plaintiff files an amended complaint re-pleading his Section 1983 claims against those defendants to correct the deficiencies set forth herein.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's Section 1983 claims against the Jail and Police Department are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and plaintiff's Section 1983 claims against Mr. Shmettan, Mr. Albergo, and as construed to be against the County, are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), **unless plaintiff files an amended complaint in accordance with this Order on or**

9

**before June 1, 2015**.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

                                            \s\
                                      Sandra J. Feuerstein
                                      United States District Judge

Dated:        April 28, 2015
                Central Islip, New York