UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DARYLE D. MCCLENIC, #14007244,

                            Plaintiff,

            -against-

DETECTIVE JOHN SHMETTAN, DETECTIVE
JOSEPH ALBERGO, SERGEANT ARNOLD M.
ROTHENBERG and ASSISTANT DISTRICT
ATTORNEY MICHAEL R. MAFFEI,

                            Defendants.
-------------------------------------------------------------------X

**FILED**
**CLERK**

7/15/2016 3:59 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>ORDER</u>
15-CV-00705(SJF)(SIL)

FEUERSTEIN, District Judge:

I.      Introduction

        On February 9, 2015, incarcerated *pro se* plaintiff Daryle D. McClenic ("plaintiff") filed a

complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective John

Shmettan ("Det. Shmettan"), Detective Joseph Albergo ("Det. Albergo"), the Nassau County

Police Department ("the Police Department"), and the Nassau County Correctional Center ("the

Jail") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.

By memorandum and order dated April 28, 2015, plaintiff's application to proceed *in forma

pauperis* was granted; the complaint was *sua sponte* dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief; and plaintiff was granted

leave to file an amended complaint on or before June 1, 2015.  On May 15, 2015, plaintiff filed

an amended complaint against Det. Shmettan, Det. Albergo, Sergeant Arnold M. Rothenberg

("Sgt. Rothenberg") and Assistant District Attorney Michael R. Maffei ("ADA Maffei")

(collectively, "defendants").  Pending before the Court is defendants' motion to dismiss the

amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons set forth below, defendants' motion is granted in part and denied in part.

II.    Discussion

A.    Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the

claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ruston v. Town Bd. of Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-1 (2d Cir. 2010); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers*

*v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*,

756 F.3d 191, 198 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).

Moreover, it is axiomatic that district courts are required to read *pro se* complaints

liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)

(citation omitted), and to construe them "to raise the strongest arguments that they suggest."

*Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations

omitted). Contrary to defendants' contention in their reply memorandum of law, "[a] district

court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his

papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n. 1 (2d Cir. 2013); *see also*

*Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 734 (S.D.N.Y.

2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014)

("When a plaintiff is proceeding *pro se*, the Court . . . may rely on any opposition papers in

assessing the legal sufficiency of the plaintiff's claims.") Accordingly, the Court deems

plaintiff's amended complaint to be supplemented by the factual allegations in his opposition to

defendants' motion to dismiss.


B.      Factual Allegations[1]

In the amended complaint, plaintiff alleges:

> "On August 28, 2012 Sgt. Arnold Rothenburg [sic] signed felony complaint.
> Action taken under color of law, which deprived my [sic] 2nd, 3rd[,] 4th, & 8th
> Amendments. By unlawful arresting Det. Joseph Albergo and partner Det. John

---

[1]All material factual allegations in the amended complaint and plaintiff's opposition are
assumed to be true for the purpose of this motion and do not constitute findings of fact by the
Court.

Shmettan at 5 Harold St.[,] Hempstead, N.Y. (CPW [criminal possession of a weapon] 2nd, 3rd degree & CM [criminal mischief] 3rd degree) Incident date [sic] back to August 24th, 2012 at 862 Nassau Rd.[,] Uniondale, N.Y. [F]oot pursuit of possible suspect plaintiff. December 28, 2012 an indictment (# 2083N-12) was signed off for D.A. Kathleen Rice falsely incarcerating plaintiff. Pending ADA Michael Maffei's malicious prosecution CPW 3rd . . .[,] CPW 4th. Denying my [sic] 5th, 6th, 8th & 9th Amendments. April 29th 2013 a trial by jury acquitted plaintiff. As said in certificate of disposition (# 21047)."

(Amended Complaint ["Am. Compl."], ¶ IV). In his "Statement of Facts" attached to the amended complaint, plaintiff further alleges, *inter alia*, that a "[w]arrant issued for CPW 2nd degree ([N.Y. Penal Law §] 265.03), 3rd degree ([N.Y. Penal Law §] 265.02) and CM 3rd degree ([N.Y. Penal Law §] 145.05)[] [i]n which related incident date [sic] back to August 24th 2012 at 862 Nassau Road[,] Uniondale, N.Y. 11553." (*Id.* at 6).

Plaintiff claims the following "injuries":

"Plaintiff was unlawfully arrestted [sic], falsely imprisoned and maliciously prosecuted by defendants[] [f]or a period of 8 months 1 week 2 days (249 days) at Nassau County Correctional Center. Being incarcerated stopped me from visiting my deceased younger brother and carring [sic] for my dependant children daughter (9 yrs) & son (7 yrs), finishing my college degree. I also got into fights, strip searched, and recieved [sic] mental health medical attention."

(*Id.*, ¶ IV.A). Plaintiff seeks damages in the amount of five million dollars ($5,000,000.00) for his "unlawful arrest, false imprisonment, malicious prosecution and pain & suffering[.]" (*Id.*, ¶ V).

In his opposition to defendants' motion to dismiss, plaintiff alleges, *inter alia*, (1) that on August 24, 2012, Det. Shmettan and Det. Albergo engaged in a "foot pursuit" or "chase" of him that did not result in an arrest or the recovery of a weapon; (2) that forty-seven (47) hours later, they received an anonymous tip reporting that a weapon had been found "laying in plain view" in a driveway and the weapon was recovered in Uniondale, New York; (3) that he was "not in [the]

actual area at the time [the] weapon [was] recovered[,] nor [on] the day of its recovery[,]"
(Plaintiff's Opposition to Defendants' Motion to Dismiss ["Plf. Opp."] at 2); (4) that on August
28, 2012, *i.e.*, four (4) days after the "foot pursuit," (a) Sgt. Rothenberg signed a felony
complaint charging him with possession of a weapon in the second degree in violation of New
York Penal Law § 265.03 based upon allegations by Det. Shmettan and Det. Albergo, and (b) he
was apprehended and arrested at 5 Harold Street, Hempstead, New York "and charged with said
weapon recovered from anonymous tip[,]" (*id.*); and (5) that he was not in possession of a
weapon at the time that he was arrested, but was alleged to have been in possession of the
weapon at the time of the "chase." According to plaintiff, Det. Shmettan and Det. Albergo (1)
"never mentioned [he] fleed [sic] from apprehension [sic] and was armed and dangerous" during
the "chase," (*id.*); (2) "put out a description of a suspect but still never mentioned a weapon[,]"
(*id.*); and (3) "never once protected themselves . . . [or] warned fellow officers called to help
search for a suspect, that a weapon has [sic] been seen or involved in search for a suspect." (*Id.*)

C.      False Arrest Claims

Plaintiff alleges, *inter alia*, that he was unlawfully arrested and falsely imprisoned "for
possession of a weapon merely found laying on the ground[,]" (Plf. Opp. at 2) and that Det.
Shmettan and Det. Albergo falsely arrested him "for possession of a weapon that was not
physically recovered from [him] nor around his person to have dominion or control over[] . . .
[and] knowingly alleged [he] had possession of a weapon found some fourty-seven [sic] (47)
hours after [they] allege a chase occurred . . . ." (*Id.* at 3).

"A section 1983 claim for false arrest is substantially the same as a claim for false arrest

under New York law." *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015)

(quotations and citation omitted); *accord Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir.

2007). "Under New York law, an action for false arrest requires that the plaintiff show that '(1)

the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the

plaintiff did not consent to the confinement and (4) the confinement was not otherwise

privileged.'" *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (quoting

*Broughton v. State of New York*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975));

*accord Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003).

    Since confinement is "privileged" if probable cause for the arrest existed, *Jocks*, 316 F.3d

at 135, the existence of "[p]robable cause is a complete defense to an action for false arrest

brought under New York law or § 1983." *Ackerson*, 702 F.3d at 19 (quotations and citation

omitted); *accord Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013).

"Ordinarily, an arrest . . . pursuant to a warrant issued by a neutral magistrate is presumed

reasonable because such warrants may issue only upon a showing of probable cause." *Fabrikant*

*v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (quoting *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d

Cir. 2007)); *see also Broughton*, 37 N.Y.2d at 458, 373 N.Y.S.2d 87 (holding that where an

arrest has been effected by a warrant, the judicial "consideration of the arrest warrant application

. . . generate[s] a presumption that the arrest was issued on probable cause.") In other words,

"[p]robable cause is presumed to exist if a plaintiff is arrested pursuant to an arrest warrant."

*Williams v. City of New York*, 916 F. Supp. 2d 235, 241 (E.D.N.Y. 2012); *see also Anilao v.*

*Spota*, 774 F. Supp.2d 457, 511 (E.D.N.Y. 2011) ("[W]here an arrest is effected pursuant to an

arrest warrant, a presumption of probable cause is created." (quotations and citation omitted)).

The fact that the charges were dismissed, or the plaintiff was acquitted, after the arrest "cannot overcome the 'complete defense' of probable cause created by a facially valid arrest warrant." *Justice v. Kuhnapfel*, 985 F. Supp. 2d 334, 340 (E.D.N.Y. 2013); *see also Lehman v. Kornblau*, 134 F. Supp. 2d 281, 290 (E.D.N.Y. 2001) ("The existence of probable cause is a complete defense to a false arrest claim, even where the plaintiff was ultimately acquitted of the criminal charges.")

However, a plaintiff can establish a false arrest claim, *i.e.*, that his right not to be arrested without probable cause was violated, if he demonstrates that the arresting officer "knowingly and intentionally, or with reckless disregard for the truth, made a false statement . . . or omitted material information, and where such false or omitted information was necessary to the finding of probable cause." *Smith v. Edwards*, 175 F.3d 99, 105 (2d Cir. 1999) (alteration in original; quotations and citations omitted); *accord Soares v. State of Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993); *Golino v. City of New Haven*, 950 F.2d 864, 870-71 (2d Cir. 1991). "When an arrest is not made pursuant to a [valid] judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense[,]" *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010); *see also Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) ("The defendant has the burden of raising and proving the affirmative defense of probable cause"); the plaintiff does not have to plead a lack of probable cause in the complaint. *See, e.g. Naples v. Stefanelli*, 972 F. Supp. 2d 373, 393 (E.D.N.Y. 2013).

Although plaintiff alleges that he was arrested pursuant to a warrant, the allegations in his opposition to defendants' motion to dismiss can liberally be read to challenge the validity of the warrant as being issued based upon the false statements made, and/or the information withheld,

by Det. Shmettan and Det. Albergo and, thus, are sufficient at the pleadings stage to state a plausible claim for false arrest. Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's false arrest claims against Det. Shmettan and Det. Albergo pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.

### D. Malicious Prosecution Claims

Plaintiff alleges, *inter alia*, that ADA Maffei (1) "knowingly, intentionally, and with gross neglect prosecuted said case, that was merely protected by false [and] hearsay evidence[,]" (Plf. Opp. at 4); (2) "after examination of evidence turned over to [him], neglected multiple different facts that show possession was not evident[,]" (*id.*); (3) "intentionally held back evidence to secure an indictment, and neglected multiple facts, with bad faith," (*id.*); and (4) "continued prosecution of a weapons possession case, knowing possession was never clearly established, due to weapon not be[ing] recovered from, near, around, in the same town of [p]laintiff and/or at the same time of arrest." (*Id.* at 5).

In addition, plaintiff alleges that defendants are not entitled to the presumption of probable cause created by the indictment against him because, *inter alia*, (1) he was not afforded (a) his "right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury," N.Y. Crim. Proc. Law § 180.10(2), or (b) his rights during such a hearing, *i.e.*, to be present, to be read the felony complaint and any supporting depositions, to cross-examine witnesses, and to testify on his own behalf, N.Y. Crim Proc. Law § 180.60; (2) his "right to a grand jury vote with[in] 120 or 144 hours of arrainment [sic]," allegedly provided by Section 180.80 of the New York Criminal Procedure Law, was

violated because the "indictment was voted a total of 123 days after [his] arrest[,]" (*id.*, at 5); (3) there was no probable cause for his arrest because on the date of his arrest, he "was without possession of a weapon[,]" (*id.* at 5-6); and (4) the indictment was procured "through perjury and with holding [sic] factual evidence and bad faith." (*Id.* at 8).

1.    Claims against ADA Maffei

ADA Maffei is entitled to absolute immunity from all of plaintiff's claims against him. With respect to absolute immunity, the Second Circuit has held that:

> "Absolute immunity affords 'complete protection from suit,' *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' *Imbler v. Pachtman*, 424 U.S. 409, 424-25, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The doctrine's nature 'is such that it "accords protection from . . . any judicial scrutiny of the motive for and reasonableness of official action,"' *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Robison v. Via*, 821 F.2d 913, 918 (2d Cir. 1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985))."

*California Pub. Employees' Ret. Sys. v. New York Stock Exch., Inc. ("In re NYSE Specialists Sec. Litig.")*, 503 F.3d 89, 95-96 (2d Cir. 2007).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities. *See Imbler*, 424 U.S. at 430, 96 S. Ct. 984; *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) ("Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is 'intimately associated with the

judicial phase of the criminal process.'" (quoting *Imbler*, 424 U.S. at 430, 96 S. Ct. 984)).

Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and

pursues a prosecution, *see, e.g. Giraldo*, 694 F.3d at 165; *Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir.

2006), including when a prosecutor seeks an indictment, *see, e.g. Robison*, 821 F.2d at 918; or

when a prosecutor engages in administrative duties that are directly connected with the conduct

of a trial. *See, e.g. Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 861-2, 172 L. Ed.

2d 706 (2009); *Warney v. Monroe County*, 587 F.3d 113, 124 (2009) ("a prosecutor enjoys

absolute immunity even when doing an administrative act if the act is done in the performance of

an advocacy function.")

      Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the

manner in which he performed it. . . . Accordingly, a prosecutor's motivation, and whether

preferable alternatives to the actions taken were available, are irrelevant." *Parkinson v.

Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations and citations omitted); *see also

Shmueli*, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution

was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for

damages for commencing and pursuing the prosecution, regardless of any allegations that his

actions were undertaken with an improper state of mind or improper motive). "[T]he nature of

absolute immunity is such that it accords protection from [] any judicial scrutiny of the motive

for and reasonableness of official action." *Shmueli*, 424 F.3d at 237 (quotations, alterations and

citation omitted).

      "The above principles, dealing with claims brought under § 1983, also protect a

prosecutor against malicious prosecution claims brought under state law." *Shmueli*, 424 F.3d at

238.

All of plaintiff's claims against ADA Maffei seek damages based solely upon his function as an advocate for the State in commencing and continuing the criminal prosecution against plaintiff, and there are no allegations in the amended complaint, or plaintiff's opposition to defendants' motion to dismiss, from which it may reasonably be inferred that ADA Maffei acted without jurisdiction or in excess of his authority.  Indeed, ADA Maffei is absolutely immune even for purportedly making or using false evidence, or withholding or ignoring evidence, since such conduct was undertaken pursuant to his advocacy functions.  *See, e.g. Flagler v. Trainor*, 663 F.3d 543, 549 (2d Cir. 2011) (holding that the prosecutor was absolutely immune from the plaintiff's allegations that he made false statements within his function as an advocate and distinguishing cases denying absolute prosecutorial immunity for wrongdoing in connection with administrative or investigatory tasks); *see also Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (accord); *Peay*, 470 F.3d at 68 ("Plaintiff's claims against [the prosecutor], which encompass activities involving the initiation and pursuit of prosecution, are foreclosed by absolute prosecutorial immunity, regardless of their alleged illegality."); *Shmueli*, 424 F.3d at 237 ("A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.'")  Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's claims against ADA Maffei in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's claims against ADA Maffei are dismissed in their entirety with prejudice for seeking monetary relief against a defendant who is immune from such relief.

2.      Claims against Det. Shmettan and Det. Albergo

"The elements of a malicious prosecution claim under section 1983 are derived from applicable state law." *Swartz v. Insogna*, 704 F.3d 105, 111 (2d Cir. 2013).  Under New York law, the elements of a malicious prosecution claim are: "(1) commencement [or continuation] of a criminal proceeding, (2) favorable termination of the proceeding, (3) lack of probable cause, and (4) institution of the proceedings with actual malice." *Swartz*, 704 F.3d at 111-12; *accord Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015).  "Additionally, . . . to be actionable under section 1983 there must be a post-arraignment seizure, the claim being grounded ultimately on the Fourth Amendment's prohibition of unreasonable seizures." *Swartz*, 704 F.3d at 112; *see also Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) ("In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, . . . and must establish the elements of a malicious prosecution claim under state law[.]" (citations omitted)).  The issue of plaintiff's post-arraignment seizure is not in dispute.

The first element is satisfied with respect to plaintiff's claim against Det. Shmettan and Det. Albergo because a criminal proceeding may be initiated for the purposes of a malicious prosecution claim by showing "that the defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 199 (2d Cir. 2014) (quotations, brackets and citation omitted); *accord Manganiello*, 612 F.3d at 163.  Thus, the allegations in plaintiff's opposition to defendants' motion to dismiss indicating that plaintiff was arrested based upon purportedly false statements made, and/or information withheld, by Det. Shmettan and Det. Albergo, are sufficient

13

at the pleadings stage to satisfy the first element of a malicious prosecution claim against them. *See, e.g. Manganiello*, 612 F.3d at 163 ("A jury may permissibly find that a defendant initiated a prosecution where he prepared an alleged false confession and forwarded it to prosecutors." (quotations, brackets and citation omitted)); *Costello v. Milano*, 20 F. Supp. 3d 406, 415 (S.D.N.Y. 2014) ("A police officer can . . . initiate a prosecution by creating material, false information and forwarding that information to a prosecutor or by withholding material information from a prosecutor.")

The second element of a malicious prosecution claim is satisfied since plaintiff's acquittal in the criminal prosecution constituted a termination in his favor. *See Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010).

With respect to the third element of a malicious prosecution claim, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York[.]" *Manganiello*, 612 F.3d at 161-62; *accord Dickerson*, 604 F.3d at 751. Although "[a] grand jury indictment gives rise to a presumption that probable cause exists[,] . . . [t]he presumption may be rebutted by evidence of [] wrongful acts on the part of police, including fraud, perjury, . . . the suppression of evidence[,]" *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (quotations, alterations and citations omitted), "or other police conduct undertaken in bad faith." *Bermudez*, 790 F.3d at 377 (quotations and citation omitted); *accord Manganiello*, 612 F.3d at 162. "[G]enerally in malicious prosecution actions alleging that a police officer provided false information to a prosecutor, what prosecutors do subsequently has no effect whatsoever on the police officer's initial, potentially tortious behavior." *Cameron*, 598 F.3d at 63. Thus, plaintiff's allegations indicating, *inter alia*, that Det. Shmettan and Det. Albergo knowingly provided false

evidence to, and withheld evidence from, ADA Maffei are sufficient at the pleadings stage to satisfy the third element of a malicious prosecution claim, *i.e.*, lack of probable cause.

With respect to the fourth element of a malicious prosecution claim, "actual malice can be inferred when a plaintiff is prosecuted without probable cause." *Rentas*, 816 F.3d at 222; *see also Manganiello*, 612 F.3d at 163 ("[A] lack of probable cause generally creates an inference of malice.") Therefore, plaintiff's allegations against Det. Shmettan and Det. Albergo are also sufficient, at the pleadings stage, to satisfy the fourth element of a malicious prosecution claim. Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's malicious prosecution claims against Det. Shmettan and Det. Albergo pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied.


### 3. Claims against Sgt. Rothenberg

Plaintiff's only allegation against Sgt. Rothenberg is that on August 28, 2012, he "signed [a] felony complaint[,]" (Am. Compl., ¶ IV), charging plaintiff with possession of a weapon in the second degree in violation of New York Penal Law § 265.03 based upon allegations made by Det. Shmettan and Det. Albergo. (Plf. Opp. at 1-2). As set forth above, the second element of a malicious prosecution claim is satisfied since plaintiff alleges that he was acquitted of the charges against him.

Moreover, the first element of a malicious prosecution claim is satisfied with respect to plaintiff's claim against Sgt. Rothenberg since, under New York law, the filing of a felony complaint "[s]erves as a basis for the commencement of a criminal action." N.Y. Crim. Proc. Law § 100.10(5); *see also* N.Y. Crim Proc. Law §§ 1.20(17) and 100.05; *see Cameron*, 598 F.3d

at 63. However, that allegation, alone, is insufficient to state a plausible malicious prosecution claim against Sgt. Rothenberg under Section 1983 and state law since it may not reasonably be inferred therefrom that Sgt. Rothenberg signed the felony complaint with actual malice, *i.e.*, that he knew or should have known that the allegations made by Det. Shmettan and Det. Albergo were false or omitted material information. Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's malicious prosecution claims against Sgt. Rothenberg pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's malicious prosecution claims against Sgt. Rothenberg are dismissed in their entirety with prejudice for failure to state a claim for relief.

        E.       Second Amendment Claim

Plaintiff's conclusory allegation that Det. Shmettan and Det. Albergo violated his right "to keep and bear arms" provided by the Second Amendment to the United States Constitution is insufficient to state a plausible claim for relief. *See generally District of Columbia v. Heller*, 554 U.S. 570, 592, 626-27, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008) (holding that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation[,]" but that the right is not unlimited and its holding should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."); *e.g. Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 428-30 (S.D.N.Y. 2013) (dismissing the plaintiff's Second Amendment claim because there were no allegations that the defendants'

actions affected the plaintiff's ability to retain or acquire other firearms or ammunition, and no law cited that infringed on the plaintiff's right to obtain other firearms); *Garcha v. City of Beacon*, 351 F. Supp. 2d 213, 217 (S.D.N.Y. 2005) ("[T]he 'right to bear arms' is not a right to hold some particular gun. Nothing in plaintiff's pleading or other papers suggests that any action taken by defendants would prevent him from acquiring another weapon.") Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's Second Amendment claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's Second Amendment claim is dismissed in its entirety with prejudice for failure to state a claim for relief.

F.      Third Amendment Claim

Plaintiff alleges that defendants violated his rights under the Third Amendment to the United States Constitution by "enter[ing] property of 5 Harold St.[,] Hempstead, New York 11550. . . ." (Plf. Opp. at 3).

The Third Amendment provides that "[n]o Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. amend. III. Even assuming, *arguendo*, that plaintiff was an "owner" of the property at 5 Harold Street, his allegation that defendants, none of whom are "soldiers" within the meaning of the Third Amendment, merely "entered" upon that property for an unspecified amount of time is insufficient to state a plausible claim for relief under the Third Amendment. *See, e.g. Morales v. New York*, 22 F. Supp. 3d 256, 277-78 (S.D.N.Y. 2014) (dismissing the plaintiff's Third Amendment claim because he did not allege that soldiers were quartered in his house unconstitutionally); *Mitchell v. City of Henderson*, No. 2:13-cv-01154, 2015 WL 427835,

at * 17-18 (D. Nev. Feb. 2, 2015) (dismissing the plaintiff's Third Amendment claim because "a municipal police officer is not a soldier for purposes of the Third Amendment."); *Estate of Bennett v. Wainwright*, No. 06-28-P-S, 2007 WL 1576744, at * 7 (D. Me. May 30, 2007), *report and recommendation adopted by* 2007 WL 2028961 (D. Me. July 9, 2007), *aff'd*, 548 F.3d 155 (1ˢᵗ Cir. 2008) (granting the defendants judgment on the pleadings on the plaintiff's Third Amendment claim because "[t]here is no sense in which a single state trooper and several deputy sheriffs can be considered 'soldiers' within the meaning of that word as it is used in the amendment nor in which the use of a house presumably owned by one of the plaintiffs for a period of fewer than 24 hours could be construed as 'quartering' within the scope of the amendment.")  Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's Third Amendment claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's Third Amendment claim is dismissed in its entirety with prejudice for failure to state a claim for relief.

G.     Sixth Amendment Claim

Plaintiff alleges that ADA Maffei violated his rights under the Sixth Amendment to the United States Constitution "with timely disposition."  (Plf. Opp. at 6-7).

The Sixth Amendment provides:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

U.S. Const. amend. VI.

Even interpreting plaintiff's allegation to assert a claim that his right to a speedy trial was violated, it fails to state a plausible claim for relief absent any indication as to, *inter alia*, the reason for the delay; or whether defendant ever asserted his right to a speedy trial. *See generally Doggett v. U.S.*, 505 U.S. 647, 651, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992); *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992). Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's Sixth Amendment claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's Sixth Amendment claim is dismissed in its entirety with prejudice for failure to state a claim for relief.

### H.     Eighth Amendment Claim

Plaintiff alleges that defendants violated his Eighth Amendment rights by setting bail at seventy-five thousand dollars ($75,000.00) during his arraignment when he "has not held employment since 2008." (Plf. Opp. at 3-4).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Since, *inter alia*, plaintiff does not allege the personal involvement of any of the defendants in the purported deprivation of his Eighth Amendment right, nor any facts from which it may reasonably be inferred that any of the defendants were personally involved in the setting of his bail, he fails to state a plausible claim for relief under Section 1983. *See Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) ("[T]he personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations and citation

19

omitted)); *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) ("An individual may

be held liable under §§ 1981 and 1983 only if that individual is personally involved in the alleged

deprivation.") Accordingly, the branch of defendants' motion seeking dismissal of plaintiff's

Eighth Amendment claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is

granted and plaintiff's Eighth Amendment claim is dismissed in its entirety with prejudice for

failure to state a claim for relief.


I.      Remaining Constitutional Claims

Plaintiff's conclusorily allegations that defendants violated his rights under the Ninth and

Fourteenth Amendments to the United States Constitution, (Plf. Opp. at 7), are clearly

insufficient to state a plausible claim for relief. Accordingly, the branches of defendants' motion

seeking dismissal of plaintiff's Ninth and Fourteenth Amendment claims pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure are granted and plaintiff's Ninth and Fourteenth

Amendment claims are dismissed in their entirety with prejudice for failure to state a claim for

relief.


IV.  Conclusion

For the reasons set forth above, defendants' motion to dismiss plaintiff's claims pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure (1) is granted to the extent that (a)

plaintiff's claims against ADA Maffei are dismissed in their entirety with prejudice for seeking

monetary relief against a defendant who is immune from such relief, (b) plaintiff's claims against

Sgt. Rothenberg are dismissed in their entirety with prejudice for failure to state a claim for

relief, and (c) plaintiff's Section 1983 claims against Det. Shmettan and Det. Albergo alleging violations of his rights under the Second, Third, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution are dismissed in their entirety with prejudice for failure to state a claim for relief; and (2) is otherwise denied.  For the sake of clarity, only plaintiff's claims under Section 1983 and state law seeking damages for false arrest and malicious prosecution against Det. Shmettan and Det. Albergo remain in this action.  There being no just reason for delay, the Clerk of the Court shall enter judgment in favor of ADA Maffei and Sgt. Rothenberg on all of plaintiff's claims against them pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated:       July 15, 2016
             Central Islip, New York